UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael D. Webb,

    Petitioner,

        Case No. 1:16–cv–266

v.

Charlotte Jenkins, Warden,

        District Judge Watson
        Magistrate Judge Deavers

    Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has before this Court a second-in-time habeas corpus petition pursuant to 28 U.S.C. § 2254. ECF No. 1. This matter is before the Court for consideration of Respondent's Motion to Transfer, ECF No. 6, Petitioner's Response, ECF No. 7, and Respondent's Reply, ECF No. 8.

Petitioner was convicted of aggravated murder and sentenced to death out of Clermont County on June 25, 1991. That judgment has already been the subject of a full round of habeas corpus proceedings. Petitioner filed a habeas corpus petition in the United States District Court for the Southern District of Ohio, Western Division, which was denied on November 14, 2006. *Webb v. Mitchell*, S.D. Ohio Case No. 1:98–cv–766, 2006 WL 3333842. The United States Court of Appeals for the Sixth Circuit affirmed the district court's opinion,

*Webb v. Mitchell*, 586 F.3d 383 (6th Cir. 2009), and the United States Supreme Court denied *certiorari*, *Webb v. Bobby*, 559 U.S. 1076 (2010).

Petitioner filed the instant second-in-time petition on January 26, 2016, raising on the basis of previously unavailable evidence claims of actual innocence, suppression of exculpatory evidence, and ineffective assistance of counsel. This new petition ostensibly stems from the state courts' denial of Petitioner's motion for a new trial, in which Petitioner attempted to present his new evidence and attendant claims. The trial court denied that motion on December 30, 2013, which decision was affirmed by the Ohio Twelfth District Court of Appeals on June 30, 2014 and by the Ohio Supreme Court on January 28, 2015. Petitioner insists that the instant petition is not successive because the claims he now raises were not, and could not have been, raised in his initial Petition. ECF No. 1, at Page ID ## 36–39.

On February 2, 2016, Respondent filed a Motion to Transfer the instant petition to the Sixth Circuit. ECF No. 6. Respondent argues that this Court has before it an unauthorized second or successive petition over which this Court has no jurisdiction.

With respect to the filing of second or successive habeas corpus petitions, 28 U.S.C. § 2244(b) provides as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

The issue for the Court to determine is whether the instant petition is a "second or successive application" within the meaning of § 2244(b). If it is, then the Court must transfer it to the Sixth Circuit as an unauthorized second or successive application. *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012); *see also Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010). If it is not, then the Court has jurisdiction to address the claims raised therein. *Smith*, 690 F.3d at 810.

The Supreme Court has made clear that not all petitions filed subsequent to a prior petition are "second or successive" applications within the meaning of § 2244(b). *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Steward v. Martinez-Villareal*, 523 U.S. 637, 642 (1998). As a general rule, a petition

targeting the same state court judgment challenged by a prior petition is a second or successive application. See Burton v. Stewart, 549 U.S. 147, 153 (2007); Harris v. Warden, S. Ohio Corr. Facility, No. 1:12-cv-261, 2013 WL 492993, at *4 (S.D. Ohio, Feb. 7, 2013). That said, *newly ripe* claims raised in a subsequent petition that challenge the same judgment as a prior petition are *not* second or successive. In *Panetti*, the Supreme Court found that the petitioner's claim that he was mentally incompetent to be executed, raised for the first time in a subsequent petition, was not successive because it would have been unripe had the petitioner raised it in his prior petition. 551 U.S. at 947. Similarly, the Supreme Court in *Stewart* ruled that a second-in-time petition raising a claim of incompetency to be executed should be construed as a first petition, where the original petition was dismissed as premature. 523 U.S. at 643. In *Slack v. McDaniel*, the Supreme Court held that a second-in-time petition was not successive within the meaning of § 2244(b) because the prior petition was dismissed as unexhausted. 529 U.S. 473, 478, 487 (2000).

Respondent argues that the instant petition is successive because it is numerically second to Petitioner's original petition, and he collaterally attacks the same state court conviction and sentence that the original petition challenged. ECF No. 6, at Page ID # 159. Respondent reasons that Petitioner is under one, and only one, state court conviction and death sentence, and that that is the judgment Petitioner is seeking to overturn. Respondent further points out that

the statutory provisions governing second or successive applications specifically address applications containing claims that rely on newly discovered evidence and that there are no unusual circumstances that exempt the instant petition from those provisions. *Id.* at Page ID ## 161–62 (discussing 28 U.S.C. § 2244(b)(2)(B)(ii)).

In response, Petitioner insists that the instant petition is not successive because it advances claims that were not, and could not have been, raised in his original petition. ECF No. 7, at Page ID # 165. In determining whether the instant application is successive, Petitioner urges the Court to consider pre-AEDPA abuse-of-the-writ standards. Those focus on whether a subsequent petition was filed for purposes of vexation, harassment, or delay, and whether that subsequent petition raises claims that could not have been raised earlier. *Id.*, at Page ID ## 165–166, 169–72; ECF No. 1, at Page ID ## 36–39. Advocating this pragmatic approach for determining whether an application is second or successive, Petitioner maintains that his claims, which were not colorable at the time he filed his prior petition, should be excused from the harsh requirements set forth in 28 U.S.C. § 2244(b). ECF No. 7, at Page ID ## 167–68.

Respondent asserts in reply that there is an analytical difference between second-in-time claims that are newly ripe, as was the case in *Panetti*, and second-in-time claims that rely on newly discovered evidence. ECF No. 8, at

Page ID # 174. Respondent argues that the instant application falls within the latter category. Specifically, Respondent reasons that the competency-to-be-executed claims at issue in cases such as *Panetti* are distinguishable because the factor creating ripeness is the imminency of the petitioner's impending execution, not the emergence of new evidence concerning the petitioner's mental competency. *Id.* at Page ID # 176. To that point, Respondent argues that the Sixth Circuit decisions upon which Petitioner relies for support of his position that the instant claims are newly ripe did not involve claims relying on new evidence. *Id*. at Page ID # 176–177 (discussing *In re Bowen*, 436 F.3d 699 (6th Cir. 2006); and *In re Salem*, 631 F.3d 809 (6th Cir. 2011)).

For the reasons that follow, the Court concludes that the instant petition is a second or successive application within the purview of 28 U.S.C. § 2244(b), and must be transferred from this Court to the Sixth Circuit for want of jurisdiction.

To understand the Court's conclusion, it is necessary to understand the specifics of Petitioner's arguments. "Petitioner Michael D. Webb," the instant application begins, "is presently waiting to be executed for a crime he did not commit." ECF No. 1, at Page ID # 14. Petitioner proceeds to explain that he was convicted of aggravated murder and sentenced to death stemming from the 1990 arson of his family's home that killed his three-year-old son. According to Petitioner, however, the critical evidence guaranteeing his conviction was

testimony about the origin of the fire by a fire chief who was unqualified to render such an opinion and that current science—undeveloped and unavailable at the time of Petitioner's trial—significantly undermines. *Id.* at Page ID ## 15–21. Petitioner additionally argues that previously suppressed evidence, which came to light during his initial habeas corpus proceedings, that the ex-boyfriend of Petitioner's daughter was a viable potential alternative suspect also undercuts the constitutionality of his conviction and death sentence. *Id.* at Page ID ## 28–32.

On the basis of the above, Petitioner raises in the instant application claims of actual innocence, suppression of exculpatory evidence, and ineffective assistance of counsel (as an alternative to the suppression-of-evidence claim). Petitioner insinuates but does not expressly argue that his application is not successive because it stems—not from the 1991 judgment convicting him of aggravated murder and sentencing him to death—but from the 2013 state trial court judgment denying his motion for a new trial. Petitioner makes this suggestion by asserting that the instant application was timely filed within one year of the date that the judgment denying his motion for a new trial became final on direct review. *Id.* at Page ID # 22.

Petitioner raises additional arguments not related to the judgment against his new-trial motion he purports to attack for why his application is not successive. Specifically, according to Petitioner, "Webb previously fully litigated

one federal habeas petition under § 2254, but that does not make this petition successive and subject to the standard under 28 U.S.C. § 2244(b)(1)." *Id.* at Page ID ## 36–37. First, Petitioner points to *In re Salem*, 631 F.3d at 813, and *In re Bowen*, 436 F.3d at 704, as examples of when "the Sixth Circuit has held that a subsequent habeas application was not 'successive' and should be treated as a continuation of the initial habeas application." ECF No. 1, at Page ID # 37. But as Respondent correctly points out, those cases are markedly distinguishable from Petitioner's.

*In re Salem* involved a second-in-time petition that included a claim relying on evidence developed at an entrapment hearing that had yet to occur at the time the applicant's prior petition concluded. The Sixth Circuit concluded that the subsequent petition was not "second or successive" because the claim at issue was not ripe at the time the applicant pursued the prior petition. Specifically, the Sixth Circuit explained that "Salem's entrapment claim is similar to Martinez-Villareal's *Ford* claim because both were presented in the initial habeas petition, yet neither was ripe for review[,]" and that "[t]he entrapment claim could only be properly assessed based on evidence from a constitutional hearing, *which had yet to occur.*" 631 F.3d at 813 (emphasis added).

In *In re Bowen*, the Sixth Circuit found that a second-in-time petition raising a claim that existing law prevented the applicant from raising at the time he was litigating his original petition was not "second or successive." Specifically, the

Sixth Circuit explained that the applicant's inability to bring unexhausted claims along with exhausted claims at the time he filed his original petition, due to the fact that the "stay-and-abeyance" procedure did not exist at the time, should not preclude the applicant from bringing those claims in a subsequent petition. 436 F.3d at 703–05. The Sixth Circuit reasoned as follows:

> Given that Bowen was not motivated to withhold his unexhausted claim from his first habeas petition out of a desire to vex, harass or delay, *but was rather barred as a matter of law from bringing his ineffective assistance of counsel claim in his first habeas petition through no actions of his own*, it is not appropriate to subject Bowen's [second-in-time] petition to the restrictions attendant to a second or successive petition.

*Id*. at 705.

The second-in-time petitions in *Salem* and *Bowen* were found not to be "second or successive" not because the claims raised therein lacked evidentiary support at the time the initial petitions were filed, but because those claims concerned matters that had yet to occur at the time the initial petitions were filed. The Court finds unpersuasive Petitioner's effort to equate the emergence and development of new scientific evidence, not to mention the revelation of a previously undisclosed viable alternative suspect, as events that had yet to occur at the time Petitioner litigated his prior petition, sufficient to render the claims "unripe" at the time of the prior petition. Rather, they are claims based on newly discovered evidence—a circumstance that the statutory provisions governing "second or successive" petitions expressly provide for, to wit: § 2244(b)(2)(B).

Petitioner, while acknowledging that § 2244(b) governs how "second or successive applications" should be treated, asserts that courts have used the pre-AEDPA abuse-of-the-writ standard for first determining whether a subsequent petition is in fact "second or successive." ECF No. 1, at Page ID # 37. Under that standard, Petitioner insists that he has not abused the writ, insofar as he did not file the instant petition for purposes of vexation, harassment, or delay. Petitioner's argument misses the mark. Although there is no evidence that Petitioner withheld the claims he raises in the instant application out of a desire to vex, harass, or delay, that fact is not dispositive. What is dispositive, as *Bowen* makes clear, is the fact that it was not the state of the law or an event that had yet to occur that precluded Petitioner from raising these claims in his prior petition, but rather the existence of a factual predicate that was previously undiscovered and undiscoverable.

Petitioner all but concedes as much by asserting that the instant petition should not be construed as successive because "[h]e could not have raised the habeas claims set forth in this petition in his initial habeas petition, since his claims are based upon evidence that was not previously obtainable." ECF No. 1, at Page ID # 38. As the Court already noted, however, there is an elemental distinction between claims that were not ripe, not exhausted, or not available; and claims that are based on a factual predicate that was not previously

discovered or discoverable—§ 2244(b)(2)(B) expressly speaks to the latter and deems them successive.

The Court of Appeals for the Seventh Circuit recently explained the difficult task of distinguishing between the two. *Flores-Ramirez v. Foster*, 811 F.3d 861 (7th Cir. 2016), involved a second-in-time petition, filed after the completion of state postconviction proceedings, raising claims (1) that the petitioner had had an unqualified and incompetent Spanish interpreter at trial; (2) that the petitioner's trial and appellate counsel provided ineffective assistance in not challenging the interpreter's qualifications; and (3) that the state postconviction hearing in which Petitioner raised these claims was fundamentally unfair. The Seventh Circuit, quoting from a prior decision, explained:

> When discerning whether a second-in-time petition is successive, courts must be:
>
>> careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as "second or successive."

*Flores-Ramirez*, 811 F.3d at 865 (quoting *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013)). Under that reasoning, the Seventh Circuit concluded that the petitioner's first and second claims were successive, insofar as their factual predicate existed at the time petitioner filed his prior petition; but that the third

claim was not successive (but ultimately procedurally defaulted) because its factual predicate involved a matter—the petitioner's state postconviction hearing—that had yet to occur at the time of the prior petition. *Id.* at 865–66; *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (distinguishing between claims whose factual predicate came into existence after prior petition (not successive) and claims that were ripe, but not discovered, at the time of prior petition (successive)); *Stewart v. United States*, 646 F.3d 856, 860–63 (11th Cir. 2011) (distinguishing between claims based on a factual predicate not previously discoverable (successive), and claims based on a purported defect that had not arisen until after conclusion of previous petition (not successive)); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) (rejecting argument that claims based on evidence not previously discovered or discoverable are claims previously unavailable and therefore not successive, because § 2244(b)(2)(b)(i) states that claims based on a factual predicate not previously discoverable are successive).

The Sixth Circuit has relied on this distinction in determining whether a subsequent petition is "second or successive." In *In re Jones*, 652 F.3d 603 (6th Cir. 2010), the Sixth Circuit was tasked with determining whether to authorize a subsequent petition alleging that the cumulative effect of changes to state parole-review procedures during a certain timeframe created a risk of increasing the measure of punishment the applicant would serve for his convictions, in violation

of the Ex Post Facto Clause. The petition also included a claim charging that the applicant's jury pool had systematically excluded African-Americans. The Sixth Circuit concluded that the cumulative-effect Ex Post Facto claim was not successive, while the jury-pool claim was. As the Sixth Circuit explained, "in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *Jones*, 652 F.3d at 605. Applying that standard, the Sixth Circuit logically concluded that the Ex Post Facto claim was *not* successive, insofar as its factual predicate—not just its evidentiary support—arose after the filing of the original petition. *Id*. at 605–06. By contrast, the jury-pool claim was successive because its factual predicate existed at the time the original petition was filed. *Id*.

The foregoing illustrates the fundamental difference between claims that were not ripe, not exhausted, or not available; and claims that are based on a factual predicate that was not previously discovered or discoverable. Petitioner's claims fall into the latter category. Both Petitioner's claim of actual innocence, based on new scientific evidence concerning arson, as well as his claims of prosecutorial misconduct and/or ineffective assistance stemming from the previously undisclosed existence of a viable alternative suspect, are claims whose factual predicates existed at the time of Petitioner's prior petition, even if those factual predicates were not discovered or discoverable at the time of the

prior petition. Stated another way, it was new evidence, *not* the factual predicates themselves, that arose after the conclusion of Petitioner's prior petition. Section 2244(b)(2)(B) expressly speaks to such claims and deems them successive. As such, the instant application must be transferred, for it is the Court of Appeals' province alone to determine whether a "second or successive application" meets the statutory requirements to proceed.

For the foregoing reasons, the Court finds the instant petition to be successive and accordingly **GRANTS** Respondent's Motion to Transfer, ECF No. 6. The Court **DIRECTS** the Clerk to **TRANSFER** the petition, ECF No. 1, to the Sixth Circuit for authorization to be filed.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT